**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(Central Division)**

| | |
|---|---|
| **ANGELA RENZE,** | |
| **Plaintiff,** | **Case No. _____** |
| **vs.** | |
| **BRETT ARMSTRONG, ROBERT GITZEN, NEIL LEMKE, JEREMY LONG, both individually and in each man's official capacity as a law enforcement officer for the Waukee, Iowa Police Department; and WAUKEE, IOWA.** | **COMPLAINT** **(JURY DEMAND)** |
| **Defendants.** | |

**COMES NOW**, the Plaintiff, Angela Renze, by and through her undersigned counsel, and for her causes of action, respectfully states the following:

**PARTIES AND JURISDICTION**

1.      Plaintiff Angela Renze is a United States citizen and was a resident of Waukee, Dallas County, Iowa at all times relevant to the events complained of herein.

2.      Defendant Brett Armstrong (hereinafter "Defendant Armstrong") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Waukee Police Department at all times relevant to the events complained of herein.

3.      Defendant Robert Gitzen (hereinafter "Defendant Gitzen") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Waukee Police Department at all times relevant to the events complained of herein.

4.      Defendant Neil Lemke (hereinafter "Defendant Lemke") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Waukee Police Department at all times relevant to the events complained of herein.

5.      Defendant Jeremy Long (hereinafter "Defendant Long") is believed to be a citizen and resident of Iowa and was employed as a law enforcement officer with the Waukee Police Department at all times relevant to the events complained of herein.

6.      Defendant City of Waukee, Iowa (hereinafter "Defendant City"), is a municipal corporation organized under the laws of the State of Iowa and acting under color of State law, and is a person for purposes of a 42 U.S.C. 1983 action for damages.

## JURISDICTION AND VENUE

7.      This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction to hear and decide the pendent state law claims under 28 U.S.C. § 1367.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions described in this complaint took place in Dallas County, Iowa.

## FACTUAL BACKGROUND

9.      All events complained of herein occurred in Dallas County, Iowa.

10.      On or about July 30, 2015, Defendants Gitzen and Lemke were dispatched to a condominium complex located at or around 1331 SE University Avenue in Waukee, Iowa to investigate a noise complaint.

11.      Defendants Gitzen and Lemke were also advised there may be a male in the home who may have a warrant for his arrest.

12.     When Defendants Gitzen and Lemke arrived at the apartment complex, the neighbor who reported the alleged disturbance informed the officers she heard "screaming" and directed the Defendants to Plaintiff Renze's condominium on the third floor.

13.     The Defendant officers went to Plaintiff's door and listened for any disturbance for a few minutes and heard nothing suggesting a domestic disturbance or dispute was occurring.

14.     The officers knocked on Plaintiff's door awakening Plaintiff from her slumber.  She proceeded to her front door, the only door, and communicated with law enforcement through the closed door.  The officers asked Plaintiff if they could enter her home. Plaintiff refused the officers' request and stated she was alright and not in any danger.  After learning the officers were on a welfare check, Plaintiff offered to meet the officers in the common area of the first floor to discuss the check.

15.     At some point, additional law enforcement officers, Defendants Long and Armstrong, arrived on the scene. Upon information and belief, these officers neither heard nor otherwise observed any evidence of imminent danger to Plaintiff.

16.     Defendant Long directed Defendant Armstrong to breach Plaintiff's door. Defendant Armstrong kicked the door in and the four defendant officers entered Plaintiff's home without her permission.

17.     After breaking the door and entering Plaintiff's home, the defendant officers searched her residence for several minutes. The search was fruitless; the officers discovered nobody else present in Plaintiff's home.

18.     Despite the fact that Plaintiff was unharmed and in no danger, the officers subsequently claimed her failure to allow them to enter her home and search her residence without a warrant constituted the crime of interference with official acts. Plaintiff was arrested, taken to jail, and subsequently charged with said offense under Iowa Code Section 719.1(1)(b).

19.     Ms. Renze pled not guilty to the charge of interference with official acts.

20.     Trial for the charge occurred on May 11, 2016. After the conclusion of the trial, the court found the officers lacked specific or articulable facts showing risk of violence, danger of escape, or possibility of destruction of evidence, and had no legal basis to enter Plaintiff's home under the emergency aid exception to the Fourth Amendment's prohibition of unreasonable searches.

21.     The court further found that no exigent circumstances supported entering Ms. Renze's home without a warrant.

22.     Finally, the court concluded the officers "went beyond what was reasonable and entered [Plaintiff's] home improperly."

23.     The court additionally dismissed the charge of interference with official acts against Plaintiff.

24.     As a result of the unreasonable forced entry of Ms. Renze's home, officers damaged Ms. Renze's door, resulting in damages.

25.     As a result of the unreasonable arrest of Ms. Renze, Ms. Renze lost wages and was forced to incur expenses for her criminal arrest bond and criminal attorney fees.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### *Right to be Free From Unreasonable Seizures—Warrantless Entry of Home*
### (*Against Defendants Armstrong, Gitzen, Long, and Lemke*)

26.   Plaintiff repleads paragraphs 1 through 25 as if fully set forth herein.

27.   Defendants are persons for the purpose of a Section 1983 action for damages.

28.   At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Waukee Police Department.

29.   On or about July 30, 2015, Defendants violated Ms. Renze's clearly established constitutional rights by kicking down the front door of her home and entering without sufficient legal grounds for warrantless entry into her home. Specifically, these actions violated her Fourth Amendment rights, as well as her rights under Article I, Section 8 of the Iowa Constitution.

30.   Defendants' entry into the home was unreasonable under the circumstances.

31.   Defendants demonstrated a deliberate indifference to and reckless disregard of Ms. Renze's civil and constitutional rights by forcefully breaking their way into Ms. Renze's home.

32.   Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Renze's civil rights, justifying an award of punitive damages.

33.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Ms. Renze has and will in the future suffer and incur the following damages:

a.      Deprivation of her constitutional rights;

b.      Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.      Consequential damages;

d.      Actual and Compensatory Damages including, but not limited to past, property damage expenses; and

e.      Other damages as allowed by law.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a.      Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.      Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

c.      Punitive damages and,

d.      Any other relief the Court deems just and equitable.

## COUNT II
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983
### VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
*Right to be Free from Unreasonable Searches—Warrantless Search of Home*
(*Against Defendants Armstrong, Gitzen, Long, and Lemke*)

34.     Plaintiff repleads paragraphs 1 through 33 as if fully set forth herein.

35.     Defendants are persons for the purpose of a Section 1983 action for damages.

36.     At all times material hereto, Defendants' actions and omissions were made under the color of authority and law as law enforcement officers for the Waukee Police Department.

37.     On or about July 30, 2015, Defendants violated Ms. Renze's clearly established constitutional rights by searching her home when they had no right to be in or search her home. Specifically, these actions violated her Fourth Amendment rights, as well as her rights under Article I, Section 8 of the Iowa Constitution.

38.     Defendants' search of the home was unreasonable under the circumstances.

39.     Defendants demonstrated a deliberate indifference to and reckless disregard of Ms. Renze's civil and constitutional rights by searching Ms. Renze's home.

40.     Defendants' actions were willful, wanton, unlawful, and in gross disregard of Ms. Renze's civil rights, justifying an award of punitive damages.

41.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, Ms. Renze has and will in the future suffer and incur the following damages:

a.     Deprivation of her constitutional rights;

b.     Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.     Consequential damages;

d.     Actual and Compensatory Damages including, but not limited to past, property damage expenses; and

e.     Other damages as allowed by law.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants as follows:

a.      Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.      Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

c.      Punitive damages and,

d.      Any other relief the Court deems just and equitable.

<u>**COUNT III**</u>
<u>**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983**</u>
<u>**VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**</u>
<u>***Right to be Free from Unreasonable Seizures***</u>
(***Against Defendant Armstrong***)

42.     Plaintiff repleads paragraphs 1 through 41 as if fully set forth herein.

43.     Defendant Armstrong is a person for the purpose of a Section 1983 action for damages.

44.     At all material times, Defendant Armstrong's actions and omissions were made under the color of authority and law as a law enforcement officer for the Waukee Police Department.

45.     On or about July 30, 2015, Defendant Armstrong violated Ms. Renze's clearly established constitutional rights by arresting her for allegedly interfering with official acts. The seizure was unreasonable under the circumstances.

46.     Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Iowa Constitution.

47.     Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights by arresting Ms. Renze under the circumstances.

48.     Defendant's actions were willful, wanton, unlawful, and in gross disregard of Ms. Renze's civil rights, justifying an award of punitive damages.

49.     As a direct and proximate result of Defendant's illegal and unjustified conduct, Plaintiff has suffered and will in the future suffer and incur the following damages:

    a.     Deprivation of her constitutional rights;

    b.     Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.     Consequential damages;

    d.     Actual and Compensatory Damages including, but not limited to past, present, and future lost wages, attorney fees, and

    e.     Other damages as allowed by law.

**WHEREFORE**, Plaintiff requests Judgment against the aforementioned Defendant as follows:

    a.     Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount yet to be determined;

    b.     Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988;

    c.     Punitive damages and,

    d.     Other relief the Court deems just and equitable.

## COUNT IV
## NEGLIGENCE
### *(Against Defendants Armstrong, Gitzen, Lemke, and Long)*

50.     Plaintiff repleads paragraphs 1 through 49 as if fully set forth herein.

51.     Defendants Armstrong, Gitzen, Lemke, and Long owed Ms. Renze a duty of care as police officers.

52.     When Defendants forcefully kicked in Ms. Renze's door, entered her home, searched it, and arrested her, they acted unreasonably, and breached the duty they owed to Ms. Renze.

53.     But for the Defendants' actions, Ms. Renze and her property would not have suffered any harm.

54.     The Defendants' actions caused Plaintiff's damages, harm, and injuries described above.

55.     Ms. Renze suffered legally cognizable damages.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

## COUNT V
## INVASION OF PRIVACY
### *(Against Defendants Armstrong, Gitzen, Lemke, and Long)*

56.     Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

57.     As a private citizen, Ms. Renze has the right to be left alone and to be free from unwarranted intrusion into her home.

58.    Defendants' actions referenced above were an unreasonable intrusion on Ms. Renze's right to be free from unwarranted intrusion.

59.    Defendants' intrusion into Ms. Renze's home would be highly offensive to a reasonable person.

60.    Defendants' invasion of Ms. Renze's privacy was a proximate cause of her damages in this case.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendants in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

### COUNT VI
### FALSE ARREST
*(Against Defendant Armstrong)*

61.    Plaintiff repleads paragraphs 1 through 60 as if fully set forth herein.

62.    On or about July 30, 2015, Defendant Armstrong arrested Ms. Renze after unreasonably breaking, entering, and searching her home.

63.    Defendant Armstrong jailed Ms. Renze and otherwise unlawfully detained her on criminal charges for an alleged interference with official acts.

64.    Ms. Renze's arrest and detention were against her will and without her consent.

65.    Ms. Renze's arrest and detention were unreasonable.

66.    The charge brought and the resulting prosecution lacked sufficient probable cause, was dismissed, and was brought willfully and wantonly with malice on the part of the Defendant and in reckless disregard of Ms. Renze's rights.

67.    The Defendant's actions were a proximate cause of Ms. Renze's damages, including her unjust arrest and imprisonment; the deprivation of her fundamental civil rights; humiliation, embarrassment, and mental and emotional distress; expenses incurred in defending criminal charges; damages affecting her business, reputation, and livelihood; and exposure to public contempt and ridicule, which entitles her to compensatory and punitive damages in fair and reasonable amounts to be determined by the finder of fact.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

### COUNT VII
### ABUSE OF PROCESS
### *(Against Defendant Armstrong)*

68.    Plaintiff repleads paragraphs 1 through 67 as if fully set forth herein.

69.    Defendant instituted charges of interference with official acts against Ms. Renze, procuring a criminal prosecution of Plaintiff by Dallas County, Iowa.

70.    The prosecution resulted in a dismissal of the charge, favorable to Ms. Renze.

71.     The charge brought and the resulting prosecution was without sufficient probable cause to accuse Ms. Renze of a crime, and was brought willfully and wantonly, with malice on the part of the Defendant, and in reckless disregard of Ms. Renze's rights.

72.     The Defendant's actions were a proximate cause of the damage to Plaintiff, including unjust arrest and imprisonment and the deprivation of Ms. Renze's fundamental civil rights; humiliation, embarrassment, and mental and emotional distress; expenses incurred in defending criminal charges; damages affecting Ms. Renze's business, reputation, and livelihood; and exposure to public contempt and ridicule, which entitles her to compensatory and punitive damages in a fair and reasonable amount to be determined by the finder of fact.

**WHEREFORE**, Plaintiff prays for Judgment against the aforementioned Defendant in an amount which will fully and fairly compensate her for her injuries and damages, including compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

**COUNT VIII**
**RESPONDEAT SUPERIOR**
*(Against Defendant City)*

73.     Plaintiff repleads paragraphs 1 through 72 as if fully set forth herein.

74.     At all times material hereto, an employer-employee relationship existed between Defendant City as the employer, and Defendants Armstrong, Gitzen, Lemke, and Long as the employees.

75.     At all times material hereto, Defendants Armstrong, Gitzen, Lemke, and

Long were acting within the scope of their employment with Defendant City.  Under the doctrine of *respondeat superior*, Defendant City is vicariously liable for the aforementioned actions and omissions of Defendants Armstrong, Gitzen, Lemke, and Long.

76.    As a result of the actions and omissions of Defendant City, Plaintiff sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendant City in an amount which will fully and fairly compensate her for her injuries and damages, including attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances and otherwise allowable by law.

### JURY DEMAND

**COMES NOW,** the Plaintiff, Angela Renze, and demands a jury trial for all counts pled in this Complaint.

> **PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN, L.L.P.**
>
> By:    */s/ Brandon Brown*
> Brandon Brown        AT0001199
> 2910 Grand Avenue
> Des Moines, Iowa 50312
> Telephone: (515) 284-5737
> Facsimile: (515) 284-1704
> E-Mail: bbrown@parrishlaw.com
> **ATTORNEY FOR PLAINTIFF**